H. WILLIAM SCOTT, CITY JUDGE *v.* BENJAMIN GATES, STATE
AUDITOR.

January Term, 1926.

Present: WATSON, C. J., POWERS, TAYLOR, and SLACK, JJ.

Opinion filed January 15, 1926.

*Municipal and City Judges Entitled to Expenses in Providing
Court Rooms—Duty of Auditor of Accounts Respecting Ap-
proving of Contracts for Court Rooms.*

1. Under G. L. 7377, as amended by Acts 1921, No. 232, § 1, judges
   of municipal and city courts are entitled to be allowed their
   necessary expenses by reason of providing court rooms, in-
   cluding rent, heat, and light therefor, to be paid by State, if
   contract therefor is approved by Auditor of Accounts.
2. Right of approval by Auditor of Accounts as provided in G. L.
   7377, as amended by Acts 1921, No. 232, § 1, is not arbitrary in
   character, nor a veto, though in addition to auditing accounts
   he is required to determine necessity of place for court room,
   reasonableness of rents specified, and other essential terms of
   lease.

PETITION for writ of mandamus made to the Supreme Court
for Washington County, at its January Term, 1926, and heard
at such term on the pleadings. The purpose of this petition was
to compel the petitionee, Auditor of Accounts, to approve a
contract for rental of rooms for use of city court of Barre, in-
cluding rent, light, heat, and janitor service, and to issue neces-
sary orders for payment of rent thereof. *Rights of parties de-
termined by opinion, but no formal mandate made.*

*H. William Scott,* pro se.

*Benjamin Gates,* pro se.

WATSON, C. J. By this petition for writ of mandamus, we
are asked to give construction to the second paragraph of G. L.
7377, as amended by Section 1, of No. 232, Laws of 1921, with

reference to whether thereby judges of municipal and city courts are entitled to be allowed their necessary expense by reason of providing court rooms for use of the courts, in the performance of their duties.

By the amendment, the paragraph mentioned was made to read: "Said judges shall be allowed their actual and necessary expenses when away from home on official business; and any necessary expense by reason of providing [suitable office furniture for the use of the court, and] court rooms, including [rent], heat and light therefor, shall, if the contract for the same is approved by the Auditor of Accounts, be paid by the state." The brackets are used by the writer of this opinion for the purpose of showing more particularly the words inserted by the amendatory act. All else in the paragraph remains unchanged.

Thus it is seen that the words "court rooms" bear the same relation to the word "providing" in the paragraph as amended that they previously did. In that respect the form and meaning of the sentence remains the same. As modifiers they are further removed in space from the word modified, but not in relation or meaning. The insertion of the word "rent" gives emphasis to this view, for to what does that word have reference except court rooms?

[1] When this provision of the statute is so given its proper analysis there should seem to be no doubt concerning the construction it was intended to have: Under it judges of municipal and city courts are entitled to be allowed their necessary expense by reason of providing court rooms, including rent, heat, and light therefor, and the same shall be paid by the State, if the contract therefor is approved by the Auditor of Accounts.

[2] The right of approval by the Auditor of Accounts is not arbitrary in character, nor is it a veto, though he is required to do something more than to audit the accounts. He is required to determine the necessity of a place for a court room and the reasonableness of the rent specified, and other essential terms of the lease.

*Upon the reading of the foregoing opinion counsel have reached an understanding in the matter which makes the issuing of a formal mandate unnecessary.*